IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | **PLAINTIFF, NORTH AMERICAN SPECIALTY INSURANCE** |
| v. | ) ) | **COMPANY'S, COMPLAINT** |
| CARSON STONE & SUPPLY, LLC, SCOTT CARSON, and ADRIANNE CARSON, | ) ) ) ) | |
| Defendants. | ) ) | |

**COMES NOW** Plaintiff North American Specialty Insurance Company ("North American Specialty"), by and through its undersigned attorneys, and brings this Complaint against Defendant Carson Stone & Supply, LLC, Scott Carson, and Adrianne Carson.  In support of its cause of action, North American Specialty states as follows:

### I. **PARTIES**

1. Plaintiff North American Specialty is a New Hampshire corporation, with its principal place of business located at 650 Elm Street, Suite 600, Manchester, NH 03101.  North American Specialty is engaged in the business of providing, among other instruments, contractor surety bonds.

2. Upon information and belief, Defendant Carson Stone & Supply, LLC (hereinafter, "Carson Stone") is a Nebraska limited liability company with its principal place of business located at 21530 West Maple Road, Elkhorn, NE 68022.  Carson Stone is in the business of providing construction materials and services, including carved stone products, for private and public construction projects.

3. Upon information and belief, Defendants Scott Carson and Adrianne Carson are Nebraska residents and reside in Douglas County, Nebraska.

1

## II. JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to this action occurred within this judicial district and because the Defendants reside and maintain a principal place of business within this judicial district.

## III. FACTUAL ALLEGATIONS

### A. North American Specialty Bonds Carson Stone for Subcontract Work at "The Cloisters on the Platte" Construction Project

6. On or about March 11, 2016, Carson Stone, Scott Carson, and Adrianne Carson executed a General Indemnity Agreement ("Indemnity Agreement") whereby they each agreed to exonerate, indemnify, and hold North American Specialty harmless from any and all Loss, including liability, costs, damages, attorney fees, consultant fees, and other expenses paid or incurred, by reason of North American Specialty becoming surety to Carson Stone. A true and correct copy of the Indemnity Agreement is attached as Exhibit A.

7. Effective March 15, 2016, or thereafter, Carson Stone entered into a subcontract agreement with Meyers Carlisle Leapley Construction, Inc. dba MCL Construction ("MCL") for performance of subcontract work on the project known as "The Cloisters on the Platte" (the "Project") located in Sarpy County, Nebraska.

8. On July 21, 2016, in consideration of the Indemnity Agreement, North American Specialty issued Subcontract Performance Bond No. 2184994 and Subcontract Payment Bond No. 2184994 in the penal sum of $363,942.00 naming Carson Stone as bond principal and MCL as bond obligee for the Project.

### B. MCL declares Carson Stone in contract default and terminates the Carson Stone contract; bond claims arise

9. Upon information and belief, Carson Stone's contractual obligations to prime contractor MCL were to be completed by March 2017, but Carson Stone was unable to fulfill its obligations to the satisfaction of MCL.

10. On May 19, 2017, MCL provided written notice of breach of contract to Carson

Stone subject to cure within a three-day period as specified by subcontract terms.

11. On August 16, 2017, MCL filed written notice of claim of an indeterminate amount against the *performance* bond of North American Specialty occasioned by Carson Stone's failure to perform its subcontract obligations.

12. On September 12, 2017, MCL formally terminated Carson Stone's subcontract and reserved all rights to pursue recovery for damages against North American Specialty's performance bond.

13. On January 3, 2018, Carson Stone's supplier Cold Spring Granite Company asserted a claim of $13,624.00 against North American Specialty's *payment* bond occasioned by the alleged failure of Carson Stone to remit payment to Cold Spring Granite for granite stone supplied or created for the Project.

14. On January 30, 2018, MCL provided an accounting for its performance bond claim in the amount of $174,050.95.

15. On May 30, 2018, MCL supplemented its performance bond claim by adding the sum of $9,609.85 to the previous claim amount, thereby claiming, in total, the sum of $183,660.80.

### C. North American Specialty undertakes a due diligence investigation of performance bond and payment bond claims and satisfies the claims in discharge of its surety obligations

16. North American Specialty engaged an independent construction consultant to investigate and evaluate the payment bond and performance bond claims arising from the Carson Stone subcontract matter in discharge of it surety bond obligations.

17. North American Specialty, through its independent consultant, investigated the payment and performance bond claims, and solicited information and input from claimants and Carson Stone alike.

18. As part of its investigation, North American Specialty repeatedly requested any substantive information or supporting documentation Carson Stone had in defense of the claims made by MCL and Cold Spring Granite Company.

19. Carson Stone did not provide any substantive response or supporting documents within a reasonable time period.

20. Carson Stone was unwilling or unable to resolve the claims of MCL and Cold Spring Granite Company or to exonerate and hold North American Specialty harmless pursuant to obligations set forth in the Indemnity Agreement.

21. In accordance with the rights of North American Specialty set forth in the Indemnity Agreement, North American Specialty negotiated a settlement of Cold Spring Granite Company's $13,624.00 claim. On April 19, 2018, North American Specialty remitted payment of $9,664.00 in consideration of Cold Spring Granite Company's Release and Assignment of Claim.

22. In accordance with the rights of North American Specialty set forth in the Indemnity Agreement, North American Specialty negotiated a partial settlement of MCL's claim. On May 23, 2018, North American Specialty remitted payment of $42,388.93 in consideration of MCL's Partial Release and Assignment of Claim.

23. In accordance with the rights of North American Specialty set forth in the Indemnity Agreement, North American Specialty later negotiated a full settlement of MCL's $183,660.80 claim. On June 20, 2018, North American Specialty remitted a supplemental payment of $83,248.71 in consideration of MCL's Release and Assignment of Claim.

24. On July 5, 2018, North American Specialty made demand upon Carson Stone, Scott Carson, and Adrianne Carson for indemnity for the sums paid by North American Specialty to Cold Spring Granite Company and MCL, and for North American Specialty's costs, expenses, and fees, in accordance with the terms and provisions set forth in the Indemnity Agreement.

25. Carson Stone, Scott Carson, and Adrianne Carson have failed to tender payment to North American Specialty for the amount set forth in the July 5, 2018 correspondence or any part thereof.

## COUNT I: BREACH OF CONTRACT

26. North American Specialty realleges and incorporates by reference the allegations contained in paragraphs 1-25.

27. The Indemnity Agreement constitutes a valid and binding contract.

28. The failure of Carson Stone, Scott Carson, and Adrianne Carson to exonerate, indemnify, and hold North American Specialty harmless from all loss, damages, costs, expenses, and fees incurred and sustained by North American Specialty by reason of becoming surety for Carson Stone constitutes a breach of the Indemnity Agreement.

29. As a result of Carson Stone's breach, North American Specialty has sustained damages of $135,301.64 in the satisfaction of payment and performance bond claims, plus $26,599.07 in legal fees, costs, and expenses to date in the investigation, management, and settlement of payment bond and performance bond claims.

30. Under the Indemnity Agreement, North American Specialty is also entitled to recover all attorney fees and expenses paid or incurred in enforcing or seeking recovery under the terms of this Agreement. Those fees and expenses continue to accrue at this time.

## COUNT II: LEGAL AND EQUITABLE SUBROGATION

31. North American Specialty realleges and incorporates by reference the allegations contained in paragraphs 1-30.

32. Payment bond claimant Cold Spring Granite Company and performance bond claimant MCL, in consideration of payment by North American Specialty, assigned their rights against Carson Stone to North American Specialty by written contractual assignment and by equitable subrogation.

33. North American Specialty, by rights of contractual assignment and equitable subrogation, is entitled to payment from Carson Stone for the amounts remitted to bond claimants by North American Specialty.

**WHEREFORE**, North American Specialty Insurance Company demands judgment in its favor and against Carson Stone & Supply LLC, Scott Carson, and Adrianne Carson, jointly and severally, for the following amounts:

1. $135,301.64 for payments made by North American Specialty in the satisfaction of the payment and performance bond claims;
2. All fees, costs, expenses, and other loss incurred by North American Specialty in the investigation, management, and settlement of the payment and performance bond claims, as determined at trial;
3. All attorney fees and other expenses incurred by North American Specialty in enforcing or seeking recovery under the Indemnity Agreement, as determined at trial;
4. All pre-judgment and post-judgment interest, as allowed by law;
5. North American Specialty's costs and disbursements herein; and

6.      Such further relief as this Court deems just, necessary, or proper.

Dated this 30th day of July, 2018.

                NORTH AMERICAN SPECIALTY INSURANCE COMPANY, Plaintiff,

                By: _____
                    ENGLES, KETCHAM, OLSON & KEITH, P.C.
                    1350 Woodmen Tower
                    Omaha, Nebraska 68102
                    (402) 348-0900  Fax:  (402) 348-0904
                    Robert S. Keith, #21023
                    rkeith@ekoklaw.com

co-Counsel:

David H. Gregerson
Daniel A. Ellerbrock
Gregerson, Rosow, Johnson & Nilan, Ltd.
100 Washington Ave., S., Suite 1550
Minneapolis, MN 55401
(612) 338-0755  Fax (612) 349-6718
dgregerson@grjn.com
dellerbrock@grjn.com